1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| PIERRE RANDALL, | No. CV 11-7565-AG(CW) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING PETITION FOR |
| v. | WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| GOVERNOR GERRY BROWN, et al., | |
| Respondent. | |

    Pro se petitioner, who styles himself as his majesty Czar Pierre 4th of Romania and Russia, is in state custody at the Patton State Hospital and has filed a federal petition for writ of habeas corpus. ["Petition", docket no. 1.] For the following reasons, the Petition is subject to dismissal without prejudice:

    Petitioner alleges five essentially incomprehensible grounds for habeas relief.[1] [See Petition, Docket no. 1 at 5-6.] It is

---

[1] For example, in ground one Petitioner states in part: "According to Administrative Policies of U.S. Treasury on past legislation I the leader of the [illegible] took Obama [illegible] and overthrow the U.S. government . . ." [Pet. at 5.] In ground two, he states in part: "After my daughter being reported on Global

1

1  impossible to discern the nature of his custody, he does not name a
2  proper respondent[2], and he does not claim he is in custody in
3  violation of any specific federal constitutional guarantee.[3]
4  Furthermore, Petitioner states that he did not file an appeal or
5  habeas petition challenging his custody in state court, but merely
6  wrote a letter to the Attorney General with respect to his
7  allegations. [See Pet. at 3.] The California Appellate Courts
8  case information web page confirms that no one named Pierre Randall
9  has filed an appeal or petition for writ of habeas corpus in the
10 California courts of appeal. [See
11 http://appellatecases.courtinfo.ca.gov/.]
12     Summary dismissal of a federal habeas petition is appropriate
13 when, as here, the allegations of the petition are "vague [or]
14 conclusory," "palpably incredible," or "patently frivolous or
15 false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990)
16 (listing cases). See also Rules Governing § 2254 Cases in the
17 United States District Courts, Rule 4 (if it plainly appears from
18 ////

---

Strike as murder 5-3-08 (A Exposure) and my almost demise . . ." [Id.]

[2]  A habeas petition must name as respondent the person (e.g., a warden) with custody over the petitioner. See 28 U.S.C. § 2242; Rules Governing Section 2254 Cases, Rules 2(a),(b). Petitioner purports to name the governor of California as respondent.

[3]  Petitioner previously filed a request to proceed in forma pauperis on a civil rights claim in this district, which request was denied on the ground that the action was patently legally and factually frivolous. [See CV11-5392-UA(CW), docket no. 2.] In that pleading, Petitioner asserted claims under the Eleventh Amendment and his own sovereignty, seeking immediate release to the Russian Embassy,$150 billion in damages, and criminal prosecution of the named defendants, including the Governor of California. [See id., docket no. 1.]

2

the face of the petition and any annexed exhibits that petitioner is not entitled to relief in the district court, the judge shall make an order for summary dismissal); Local Civil Rule 72-3.2 (authorizing magistrate judge to prepare proposed order and judgment for district judge if it plainly appears from face of petition that petitioner is not entitled to relief).

Summary dismissal is likewise appropriate when a petition is facially and completely unexhausted. See 28 U.S.C. § 2254 (b) (1996) (a state prisoner must exhaust state court remedies before petitioning for a writ of habeas corpus in federal court). See also Rules Governing § 2254 Cases in the United States District Courts, Rule 4; Local Civil Rule 72-3.2. It appears from the face of this petition that Petitioner has entirely failed to satisfy the exhaustion requirement.  See Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995)(per curiam); Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (to exhaust, a petitioner must fairly present all federal grounds for relief "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of [his grounds].")

**ACCORDINGLY, IT IS ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE** to petitioner's filing a comprehensible, fully

////
////
////
////

1 | exhausted petition which states the operative facts and the
2 | applicable federal legal theory in support of his grounds.[4]
3 |
4 | DATED: October 3, 2011
5 | _____
6 | Andrew J. Guilford
    United States District Judge
7 |
8 | Presented by:
    Dated: September 22, 2011
9 |
10 | _____
    Carla M. Woehrle
11 | United States Magistrate Judge

---

[4] Should petitioner later file a federal habeas petition, it will be subject to the one-year period of limitations set forth in the federal habeas statute. See 28 U.S.C. 2244 (d) (1). The court makes no ruling as to whether any future petition would be timely.

4